UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM NOLAN and SAM
HAMSHARIE,

     Plaintiffs,

v.                                                                 Case No.:  2:26-cv-148-SPC-NPM

SCOTTSDALE INSURANCE
COMPANY,

     Defendant.

_____

**OPINION AND ORDER**

Before the Court are Defendant Scottsdale Insurance Company's Motion to Dismiss Count II – Petition for Appraisal – For Failing to State a Claim Upon Which Relief Can Be Granted (Doc. 11) and Plaintiffs William Nolan and Sam Hamsharie's response (Doc. 22).  For the following reasons, the Court grants the motion.

This is a Hurricane Ian case.  Scottsdale issued an insurance policy to Plaintiffs effective in September 2022, when Hurricane Ian struck southwest Florida.  Plaintiffs allege the storm damaged their property, and Scottsdale refuses to pay their damages.  In their Amended Petition to Enforce Appraisal and Complaint for Breach of Contract, they allege breach of contract (count I) and petition to compel appraisal (count II).  (Doc. 7).

To survive a Rule 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[1]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible.  *See id.* at 570.

Scottsdale asks the Court to dismiss count II, arguing that "petition to compel appraisal" is not a cause of action under Florida law.  (Doc. 11 at 2). Plaintiffs respond that Scottsdale's argument is conclusory and unclear.  (Doc. 22 at 4).  Then, oddly, Plaintiffs focus the bulk of their response on the technical sufficiency of Scottsdale's memorandum of law under Local Rule 3.01(b).

The Court agrees with Scottsdale.  First, several other courts in the Eleventh Circuit have found that a petition to compel appraisal "does not expressly assert any cause of action."  *Creekside Crossing Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-CV-136-FTM-60MRM, 2020 WL 1904011, at *1 (M.D. Fla. Apr. 17, 2020) (citing *Aspen Specialty Ins. Co. v. River Oaks of Palm Beach Homeowner's Ass'n, Inc.*, Case No. 11-CV-81380, 2012 WL

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiffs. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

13019190, at *2 (S.D. Fla. June 7, 2012) (citations omitted) (finding a "Petition to Compel Appraisal" did not constitute a viable claim under Florida law); *Lakeside Terraces Apartments, Inc. v. Certain Underwriters at Lloyd's of London*, Case No. 11-24079-CIV, 2012 WL 13014688, at *2 (S.D. Fla. Jan. 10, 2012) (questioning a cause of action styled as a "Petition to Compel Appraisal" and allowing plaintiff to amend complaint to file a claim for declaratory relief); *Parkway Baptist Church, Inc. v. Guideone Elite Ins. Co.*, Case No. 10-23965-CIV, 2011 WL 13099891, at *3 (S.D. Fla. Sept. 21, 2011) (finding cause of action titled "Petition to Compel Appraisal" a contract claim in disguise)); *see also Residences at Eur. Vill. Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 3:19-CV-1490-J-20JRK, 2020 WL 5948314, at *5 (M.D. Fla. July 17, 2020) (finding that a petition to compel appraisal is not technically a cause of action under Florida law).

The Court finds these cases highly persuasive. And while Plaintiffs argue that these courts' reasoning has been rejected by other district courts, they fail to cite any such cases. (Doc. 22 at 4). Regardless, they offer no binding authority to the contrary.

And notwithstanding the case law, Plaintiffs' chosen litigation strategy supports dismissing count II. Importantly, Plaintiffs *did* bring a breach of contract claim in their complaint, a proper avenue for relief. But an even more compelling reason supports dismissing the appraisal count—namely, nine days

after Scottsdale filed the motion to dismiss, Plaintiffs filed a motion to compel appraisal. (Doc. 16). Thus, they have ensured judicial review of the issue.

Under these circumstances, the Court finds that count II fails to state a cause of action. Plaintiffs have alleged a breach of contract claim in count I, and they have presumably raised their arguments concerning appraisal in their motion to compel appraisal. Accordingly, the Court dismisses count II.

Accordingly, it is

**ORDERED:**

1. Defendant Scottsdale Insurance Company's Motion to Dismiss Count II – Petition for Appraisal – For Failing to State a Claim Upon Which Relief Can Be Granted (Doc. 11) is **GRANTED**.

2. Count II of the Amended Petition to Enforce Appraisal and Complaint for Breach of Contract (Doc. 14) is **DISMISSED with prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 27, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4